UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PETER BUTTIGIEG, United States Secretary of Transportation,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Daniel Rhine, by and through his attorney of record, the LAW OFFICE OF PATRICIA S. ROSE, and PATRICIA S. ROSE and alleges as follows:

## I.   INTRODUCTION

1.1   Daniel Rhine, ("Plaintiff" or "Rhine") brings this action for damages and other relief fees against Defendant, Pete Buttigieg, in his official capacity as United States Secretary of Transportation ("Defendant"), for sex and/or gender and race discrimination, as well as retaliation, arising from actions following his involuntary termination from his career employment Federal Aviation Administration (hereinafter "FAA") actions that have not been previously litigated/addressed in any prior civil complaint.

## II.   PARTIES

2.1   Rhine is a Caucasian male individual and former employee of Defendant. At all times relevant to this complaint, he resided in Seattle, Washington and the Western District of

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-1

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

Washington.

2.2   Defendant Peter Buttigieg is the Secretary of Transportation of the United States Department of Transportation, of which the FAA is an organizational unit. He is the proper party defendant int his case.

### III.   JURISDICTION & VENUE

3.1   Jurisdiction is vested in this Court under the authority of 29 C.F.R. § 1614.504, 28 U.S.C. § 1331, 28 U.S.C. § 1346 as well as 42 USC 2000e-16.

3.2   Venue is proper in this Court as all actions and/or omissions to act relevant to this complaint occurred in the Western District of Washington and all parties reside or do business in the Western District of the State of Washington.

### IV.   CONDITIONS PRECEDENT TO THIS ACTION

4.1   Following his discharge from his position with the FAA, Rhine filed administrative complaints of employment discrimination and retaliation through the regulations outlined in 29 CFR 1614 *et seq,*.

4.2.   On April 4, 2023, the federal Office of Federal Operations (hereinafter "OFO") of the Equal Employment Opportunity Commission (hereinafter "EEOC") issued a decision on OFO Appeal No. 2023000863.

4.3   On May 8, 2023, the OFO issued a final decision on Rhine's complaint, OFO Appeal No. 2023001416 (EEOC No. 2023-001416, Agency No. 2022-29603-FAA-061).

4.4   On June 8, 2023, the OFO issued a final decision on complaints identified as OFO Appeal No. 2022003862 (EEOC No. 551-2021-00102X, Agency No. 2020-28704-FAA-06; and

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-2

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

EEOC No. 551-2021-00088X, Agency No. 2020-28925-FAA-06).

4.6  Rhine has exhausted all administrative remedies and satisfied all conditions precedent before initiating this action

## V. STATEMENT OF RELEVANT FACTS GIVING RISE TO THIS COMPLAINT

### A. Rhine's Employment with the FAA.

5.1. Rhine realleges paragraphs 1.1 to 4.6 as if fully set forth herein.

5.2. Rhine was employed full-time by the FAA in the position of Aviation Technical Systems Specialist from July 6, 2010 until his involuntary termination on November 27, 2019.

5.3. Throughout his employment, Rhine met or exceeded the performance expectations for his position and received satisfactory or better evaluations/appraisals during that period.

### B. Rhine Files First EEO Complaint Regarding Perez's False Claims that Plaintiff Stalked Her and Was a Threat  Perez's Restraining Order Petition Denied.

5.4. From approximately 2012 until 2014, Rhine was involved in a consensual romantic relationship with a colleague, Gina Perez (hereinafter "Perez"), a non-Caucasian female.

5.5. Although neither was employed in the same work group, and neither supervised the other, Rhine and Perez's positions required frequent professional collaboration as Perez and her team acquired goods and services for Rhine's projects.

5.6. Rhine advised Perez on or about September 1, 2014 that he no longer wanted to continue their sexual relationship as she had begun a relationship with another

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-3

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

FAA contract employee coworker.

5.7. On or about August 19, 2015, Rhine learned through his supervisor, Thomas Poole, that Perez and her supervisor Angela Layman were making unwelcome and disparaging statements about him to colleagues in her work group, conduct that he believed stemmed from his termination of his sexual relationship with Perez.

5.8. On October 1, 2015, Rhine initiated contact with Defendant's EEO office consistent with the requirements for federal employees alleging that Perez's unwelcome conduct towards him created a hostile work environment based on gender.

5.9. After Perez learned of Rhine's complaint, she reported to FAA Security Supervisor Michelle Root that Rhine was a threat to her. Perez was ultimately advised to file a protection or restraining order against Rhine in state court as her claim was not an employment issue or one that involved the FAA.

5.10. In November 2015, Perez's petition for a restraining order was denied by the King County Superior Court in Washington State.

5.11. Before settlement resolution of Rhine's complaint, Root met with subordinate investigator Jason Thompson, Human Resource specialist Kristine Dillon, and FAA staff attorney Joann Putnam to discuss Perez's claim that Rhine was a threat.

**C. After FAA and Rhine Reach Settlement Agreement to His EEO Claim, FAA Retaliates Against Rhine by Not Taking Agreed Upon Action Regarding Perez's Conduct.**

5.12. In January 2016, Rhine met with Putnam and reached a Settlement Agreement with the FAA on the matters involved in his October 1, 2015, EEO complaint. A material term of that complaint was that FAA Security officials agreed to

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-4

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

investigate Perez's conduct that Rhine contended created a hostile work environment, reprisal on, and/or defamation towards him within 120 days of the Settlement Agreement. The parties also agreed to meet within 15 days of that investigation's closure to address findings and develop an "appropriate action plan" to address the concerns raised in the complaint.

5.13. Putnam notified Layman via email that Rhine would be the person investigated instead of Perez. Investigator Thompson proceeded to investigate Rhine instead of Perez.

5.14. Investigation results were not delivered to Rhine, and Rhine was not included in development of an "appropriate action plan".

5.15. Instead, the FAA unilaterally implemented an action plan to have Rhine's movement restricted within the Defendant's facilities as stipulated by Perez's restraining order. While "unofficial", the FAA's action plan was executed through Rhine's supervisor Thomas Poole despite the lack of any claims or findings or substantiated reports, or formal charges against Rhine under FAA Standards of Conduct.

5.16. Through January 2019, Perez continued to make statements to management, security guards, and friends at FAA, leaving the impression that Rhine was a threat to her and that she had obtained a restraining order against him. Rhine was subject to selective monitoring by FAA management and security guards through the end of his employment with the FAA. Despite being adjudicated as unfounded, no informal or formal corrective action was taken against Perez for making her continuing false statements against Rhine.

**D. FAA Management Discourages Rhine From Pursing Renewed EEO Complaint Arising From Rhine's Continued Concerns About Hostility In his Work Environment.**

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-5

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

5.17. On February 6, 2019, Rhine raised concern to FAA manager Richard Van Allman regarding possible filing another EEO complaint regarding Perez's continued false statements about him. Rhine told Van Allman that those statements were affecting him emotionally, and affecting his reputation within the workplace.

5.18. Through February 20, 2019, other methods of resolving Rhine's concerns were explored. Ultimately, despite Rhine's characterization of the conduct as "sexual harassment", Rhine was urged by Van Allman to address his concerns instead through the FFA's Employee Accountability Board instead of the EEO process.

5.19. Later on the afternoon of February 20, 2019, Mr. Van Allman spoke to Rhine's prior supervisor Poole; Dillon; and FAA Security Supervisor, Kirsten Kenny, about Rhine's "unofficial" history.

5.20. After conversation with Ms. Kenny about Rhine's prior EEO filing, Van Allman determined that Rhine's complaint about "sexual harassment" indicated that he could be identified as an "internal threat".

5.21. On February 26, 2019, Rhine's newly appointed supervisor Monica Holguin spoke with Rhine about Van Allman's concerns.

5.22. When Rhine expressed concern about being harassed and filing an EEO claim, Holguin also directed him to file with the FAA's internal Accountability Board instead of the EEO.

### E. Defendant Subjects Rhine to Investigation Without Reports of Theft, Lack of Candor, Inaccurate Time and Attendance, or Misuse of Government Property or Time.

5.23. On March 2, 2019, at some distance away approximately 12 feet, Perez stumbled upon Rhine in a community pantry area of their FAA building. There was no interaction between them, and Rhine was not even aware that Perez was in the

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-6

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

area at the time. On the same day, Perez then made statements to a security officer asserting that she felt threatened by Rhine's presence. She made no claim of misconduct per FAA Standard of Conduct.

5.24. On March 4, 2019, without prior authorization from management, Kenny reviewed video footage of the location where Perez reported seeing Rhine.

5.25. Being aware of Rhine's previous history with Perez, as well as Rhine's prior EEO complaint against Perez, Kenny further recommended to Van Allman that an investigation be conducted into Rhine about activities unrelated to Perez's complaint.

5.26. Within two calendar day of Perez' report, Kenny commenced investigation along with one of her subordinates. Van Allman involved Dillon into the formal investigation. Holguin selected acting manager at the time, Suzanne Lee Pang, informed Rhine that his access to his FAA duty station shared with Perez would again be restricted.

5.27. On March 5, 2019, Rhine continued to express concern about Perez's behavior to Van Allman and Holguin. Rhine stated that the arbitrary restriction placed on his movement was suspiciously similar to circumstances in 2015 while his movement was restricted because of Perez's complaints against him.

**F. Rhine Files a Claim with the FAA Accountability Board as Directed by Holguin and Van Allman**

5.28. On March 6, 2019, as a result of Rhine's change in working conditions, and at the directive on Holguin and Van Allman, Rhine filed a timely claim with the FAA's Accountability Board for Perez's continued false claims. Additionally, Rhine stated that Perez' conduct and resulting restrictions on his movement within the facility continued to create false impressions of him in the workplace.

5.29. The Accountability Board directed the matter back to Rhine's management staff

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-7

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

through Dillon.

### H. Defendant Questions Rhine About Topics Unrelated to Perez's Complaint, and Conducts Second Investigation.

5.30. Rhine was unaware of any further actions on his complaint until May 2, 2019 until he was interviewed by Kenny and her subordinate investigator about topics unrelated to Perez's complaint.

5.31. On May 17, 2019, Kenny and her subordinate produced a Report of Investigation containing several inconsistencies where FAA investigators contradicted each other.

5.32. On June 4, 2019, Dillon requested a meeting with both Van Allman and Holguin to discuss the investigation.

5.33. On June 19, 2019, Dillon directed that a second investigation of Rhine's government property be performed without Rhine's knowledge or consent.

5.34. Only July 19, 2019, the second investigation revealed that employees similarly situated to Rhine had performed disciplinary infractions comparable to Rhine's purported misdeeds.

### I. Defendant Fails to Follow Up on Rhine's Accountability Board Complaint.

5.35. On August 8, 2019, Rhine followed up with Van Allman about whether action would be taken regarding harassment from Perez and his Accountability Board complaint. Van Allman made Holguin and Dillon aware that theme were additional concerns from Rhine regarding whether his complaints about Perez harassing him would be investigated.

5.36. No FAA officials from management or Human Resources followed up with a response to Rhine.

5.37. Subsequently, on September 9, 2019, Ms. Dillon drafted Rhine's proposed removal letter on behalf of Ms. Holguin; Mr. Van Allman was included in the conversation.

### J. Defendant Conducts a Third Investigation.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-8

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

5.38. On or around October 1, 2019, Ms. Dillon directed and followed up on a third investigation of Mr. Rhine's government property.

5.39. Ms. Lund reported to Ms. Dillon that no additional inappropriate conduct was found on Mr. Rhine's government equipment.

**K. Defendant Terminates Mr. Rhine.**

5.40. On October 15, 2019, Holguin informed Rhine that he was being proposed for removal on the charges of misuse of government property, misuse of government time, inaccurate time and attendance, theft, and lack of candor. No Standards of Conduct briefing or letter of expectation was issued to Rhine prior to his proposed removal.

5.41. On October 16, 2019, HR manager Dillon made the decision to "strategically" send Rhine a proposed notice of discipline before other similarly situated employees were given notice for comparable discipline for misuse of government furnished equipment.

5.42. On October 30, 2019, Rhine responded to Holguin's proposed removal, stating that the investigation was initiated from Perez's knowingly false and harassing statements.

5.43. On December 5, 2019, Holguin provided Rhine the final termination letter prepared by Dillon. that included additional facts and circumstances not made known to Rhine in the proposed removal letter.

5.44. Rhine appealed the removal action to the Merit Systems Protection Board and subsequently filed Rhine v. Buttigieg, Case No. 2:20-cv-01761-RAJ in the Western District of Washington.

**N. Mr. Rhine Files an EEOC Complaint Regarding The FAA's Claim for Reimbursement of Funds.**

5.45. On December 16, 2019, Rhine was issued a notice to reimburse the United States Department of the Interior for purported time and attendance infractions.

5.46. Rhine initiated a separate EEO complaint activity for discrimination and retaliation on or around December 31, 2019.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-9

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

discrimination for the same incident.

5.67. On January 4, 2023, Rhine filed an appeal of the FAA's determination with the OFO.

5.68. On May 8, 2023, the OFO issued a final decision dismissing the complaint.

**Q. Rhine Files a Complaint Citing a Breached Settlement Agreement with the FAA.**

5.69. After learning on June 9, 2022 that Security staffers Root and Thompson had agreed to make him the target of the 2016 investigation instead of Perez, Rhine concluded that the 2016 settlement agreement had been breached.

5.70. On June 13, 2022, Rhine notified the FAA and its Civil Rights Office that his management had failed to enforce the 2016 agreement disposing of his initial complaint arising from

5.71. On November 23, 2022, Rhine petitioned the OFO to reinstate this initial EEO complaint regarding the hostile work environment created by Perez to the point prior to the execution of his Settlement Agreement with the FAA.

5.72. On May 8, 2023, the OFO denied Rhine's claim that the FAA breached their Settlement Agreement with him.

## VI.  CAUSE OF ACTION NO.1-DISPARATE TREATMENT DUE TO GENDER, RACE AND/OR COLOR

6.1   Paragraphs 1.1 to 5.72 are realleged as if fully set forth herein.

6.2   Similarly situated non-Caucasian employees of Defendant, including Gina Perez herself, as well as those who had not engaged in protected EEO activity, and who actually violated the FAA Standards of Conduct that Plaintiff was falsely accused of received more favorable treatment than Rhine in the terms and conditions of their employment with the FAA

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-12

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

5.47. Through his MSPB appeal, on April 23, 2020, Rhine learned that Holguin admitted in deposition that no similarly situated employee disciplined by Holguin was made to reimburse the treasury after purported time and attendance infractions.

5.48. Rhine learned that one female employee with 2 years of time and attendance infractions was given mere verbal counseling with no obligation to repay the government; Ms. Holguin claimed under oath that she would have fired Rhine for 6 months of purported time and attendance infractions alone.

5.49. On June 8, 2023 the OFO ruled to deny Rhine's claim without a hearing.

**O. Rhine Files an EEOC Complaint Regarding FAA's Failure to Hire Him After Termination**

5.50. On January 30, 2020, Rhine interviewed for an FAA recruitment for a vacancy as Supervisor Aviation Technical Systems Specialist position under Mark McClardy with a duty station in El Segundo, CA. Rhine was the only external candidate interviewed.

5.51. On that day, Rhine was questioned as to why he was interviewing as an external candidate outside of the FAA. Rhine disclosed that he was forced to apply as an external candidate because of a recent termination that he was appealing to the Merit Systems Protection Board ("MSPB").

5.52. McClardy and/or his team charged Rhine's travel to the interview on his former government credit card account managed by Holguin.

5.53. Holguin was in communication with McClardy and/or his team to about Rhine's interview in El Segundo, CA.

5.54. Despite his qualifications for the position, McClardy ceased recruitment efforts for the Supervisor Aviation Technical Systems Specialist Rhine had applied for.

5.55. From August 3 to August 12, 2020, McClardy issued a new recruitment for the same Supervisor Aviation Technical Systems Specialist position with a duty station in El Segundo, CA that was limited to internal applicants currently employed within the

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-10

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

FAA.

5.56. On August 5, 2020, Rhine learned that he was not selected for the prior Supervisor Aviation Technical Systems Specialist position with a duty station in El Segundo, CA.

5.57. On August 12, 2022, Rhine attempted to apply for the same position for which he was interviewed for on January 30, 2020. He was denied the opportunity to interview because he was identified as an external candidate.

5.58. The FAA selected an internal candidate for the Supervisor Aviation Technical Systems Specialist position under Mark McClardy with a duty station in El Segundo, CA.

5.59. On September 17, 2020, Rhine initiated a formal EEO complaint based on race, color and reprisal for protected activity.

5.60. Rhine's EEO claim was subsequently investigated through completion by the EEO, and Rhine timely requested hearing on the matter.

5.61. On March 17, 2022, the AJ issued a decision without a hearing finding no discrimination.

5.62. On July 5, 2022, Rhine timely filed an appeal to the AJ's final order.

5.63. On June 8, 2023 the OFO ruled to deny Rhine's claim without any hearing.

**P. Rhine Files an EEOC Complaint After Discovering Perez's Retaliation Through FAA Investigators**

5.64. On June 9, 2022, Rhine learned for the first time that Perez contacted Security Supervisor Root to discuss concerns about Rhine and that Root had subsequently discussed with the investigator assigned to perform the 2016 agreed upon investigation to focus that investigation Rhine's conduct instead of Perez.

5.65. On June 13, 2022, Rhine initiated EEO activity through the FAA regarding this disclosure as an independent act of reprisal for his initial EEO complaint about Perez and the hostile work environment created by her comments regarding him.

5.66. On October 27, 2022, Rhine filed a formal complaint with the FAA for retaliation and

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-11

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

6.3    Similarly situated non-Caucasian employees of the FAA were not subject to the same level of scrutiny for alleged time, attendance and other performance standards or rule violations were not subject to the hostile work environment that Plaintiff experienced between 2016 and 2019 following his initial and other EEO complaint directed at the u unwelcome conduct of Gina Perez.

6.4.    Perez' unwelcome, gender-based conduct towards Rhine was ratified by the actions and /or inactions of management official at the FAA.

6.5    Upon information and belief, individuals employed by FAA with lesser qualifications and/or less relevant work experience as Rhine were provided more favorable opportunities to compete for and obtain advancement and positions than Plaintiff.

6.6    As a proximate cause of s a proximate cause of Defendant's actions and omissions to act on behalf of Rhine, Rhine has suffered and will suffer pecuniary losses including but not limited to loss of earnings and prospective earnings, health, welfare and pension benefits and other economic losses flowing from loss of employment with Defendant in an amount to be proven at trial.

6.7    As a proximate cause of Defendant's actions and omissions to act on behalf of Rhine, he has suffered and will suffer continuing intangible harm and damages due to depression, anxiety, embarrassment, humiliation, and loss of ability to enjoy life in an amount to be proven at trial.

6.7    Defendant's conduct above towards Rhine of the constitutes disparate treatment of him based on race, color and/or gender, in violation of the 2000e-16 of the Civil Rights Act of 1964.

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-13

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

## VII. CAUSE OF ACDTION NO. 2- RETAIATION IN VIOLATION OF TITLE VII

7.1 Rhine incorporates and alleges paragraphs 1.1 through 5.72 as if fully set forth herein.

7.2 Rhine engaged in a protected activity under Title VII when he made numerous internal complaints of unwelcome gender-based conduct and hostile work environment due to Perez' conduct to FAA staff and filed external complaints with the EEOC OFO under the regulations located at 29 CFR 16.14 *et seq.*

7.3 Indeed, Rhine made complaints about discrimination from October 2015 through August 2019 to his management staff were extensively documented, known to his immediate supervisors and management and he even disclosed that he had initiated an MSPB appeal to FAA interviewers on January 30, 2020.

7.4 After Rhine made his complaints from October 2015 through August 2019, agents of the Defendant he FAA repeatedly engaged in acts of reprisal for such protected activity by the following actions:

   i. advising Gina Perez to file a state court protection or anti-harassment order directed at Plaintiff without any knowledge or investigation as to the veracity of her allegations;

   ii. unjustly targeting him for investigation without sufficient factual foundation in 2016 despite a written agreement to investigate the conduct of Perez giving rise to his complaint;

   iii. demanding reimbursement of funds to U. S. Treasury to the government on December 16, 2019 for alleged time and attendance infractions that similarly situated employees had also committed; and

   iv. failing to afford him equal opportunity to compete for and obtain a

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-14

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

     v.    position with the FAA for which he qualified.

## VIII. CAUSE OF ACTION NO. 3- BREACH OF SETTLEMENT AGREEMENT

8.1  Rhine realleges ¶¶ 1.1 to 5.72 as if fully set forth herein.

8.2  On or about January 6, 2016, Rhine and Defendant entered into a binding settlement Agreement to address his concerns regarding the hostile work environment created by Perez and her unwelcome gender-based comments regarding him following his termination of their consensual relationship.

8.3  That Agreement provided that the Defendant would timely initiate an investigation into Rhine's reports and allegations regarding Perez' conduct, report its findings and develop an appropriate action plan.

8.4  After learning on June 9, 2022 that Security staffers Root and Thompson had agreed to make him the target of the 2016 investigation instead of Perez, Rhine concluded that the 2016 settlement agreement had been breached.

8.5.  On June 13, 2022, Rhine notified the FAA and its Civil Rights Office that his management had failed to enforce the 2016 agreement disposing of this initial complaint by not subjecting Perez' conduct to investigation and targeting him for investigation.

8.6  On November 23, 2022, Rhine petitioned the OFO to reinstate this initial EEO complaint regarding the hostile work environment created by Perez to the point prior to the execution of his Settlement Agreement with the FAA.

8.7  On May 8, 2023, the OFO denied Rhine's claim that the FAA breached their Settlement

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-15

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

employment with Defendant in an amount to be proven at trial;

3. For general damages including but not limited to any compensatory damages for intangible losses including but not limited to the full enjoyment of life, physical pain and suffering, mental anguish, emotional distress, and humiliation;

4. For an order reinstating him to his position or a comparable position with defendant FAA with full make whole benefits as if there were no break in service from November 2019 to the present;

5. For an order finding the Defendant breached its Settlement Agreement with Rhine in violation of 29 C.F.R. § 1614.504,

6. For an order of pre- and post-judgment interest on any sum recovered by Rhine as a remedy in this litigation;

7. For an order of all reasonable attorney's fees and litigation costs, including expert witness fees, incurred by Rhine in pursuit of his claims;

8. For an equitable remedy for the tax consequences of any award of damages or economic losses to Rhine; and

9. For such other and further relief as the Court deems just and proper.

DATED THIS 3rd day of July 2023

**LAW OFFICE OF PATRICIA S. ROSE**

*Patricia S. Rose*

Patricia S. Rose, WSBA #19046
Attorney for Daniel Rhine

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-17

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

## VERFICATION

I, Daniel Rhine, am the Plaintiff in the above-referenced Complaint for Damages and other Relief. I am over eighteen years of age and am competent to testify to the following.

I have thoroughly reviewed the above Complaint and attest to the best of my knowledge that the factual allegations and legal claims made therein are true and correct.

This statement is made under penalty of perjury under the laws of the United States of America.

Dated at Seattle, Washington this 3rd day of July, 2023.

_____
DANIEL RHINE

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-18

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM

Agreement with him and failed to reinstate the complaint and return it to the Agency for further processing..

8.8   This action violated Plaintiff's rights under 29 CF$ 1614.504 and proximately caused damages to Rhine

## IX. DAMAGES

9.1   Rhine realleges ¶¶s 1.1 to 5.72 as if fully set forth herein.

9.2 As a proximate cause of Defendant's actions and omissions to act towards Rhine, Daniel Rhine has suffered and will suffer pecuniary losses including but not limited to loss of earnings and prospective earnings, health, welfare and pension benefits and other economic losses flowing from loss of employment.

9.3   As a proximate cause of Defendant's actions and omissions to act towards Rhine, Daniel Rhine has suffered and will suffer continuing intangible harm and damages due to depression, anxiety, embarrassment, humiliation, and loss of ability to enjoy life in an amount to be proven at trial.

## X. PRAYER FOR RELIEF

WHEREFORE having stated the preceding causes of action Rhine does hereby pray for relief:

1.   For general damages and specifically for compensation for all pecuniary losses including but not limited to loss of earnings and prospective earnings, health, welfare and pension benefits and other economic losses flowing from loss of employment with Defendant in an amount to be proven at trial;

2,   For special damages and out of pocket expenses incurred from loss of his

COMPLAINT FOR DAMAGES
AND OTHER RELIEF-16

LAW OFFICE OF PATRICIA S. ROSE
PATRICIA S. ROSE, WSBA #19046
1455 NW LEARY WAY, SUITE 400
T: (206) 622-8964 | F: (206) -694-2695
E: PATTY@PATTYROSELAW.COM