UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL RHINE,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PETE BUTTIGIEG, in his official capacity as Secretary of the United States Department of Transportation,<br><br>　　　　　　　Defendant. | Case No. C23-993RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

## I.　　INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss, Dkt. #7, and Plaintiff's Motion for Leave to File an Amended Complaint, Dkt. #13. Plaintiff Daniel Rhine did not file a timely opposition to the Motion to Dismiss. Instead, his counsel called to notify the Court that she intended to file an amended complaint without leave, then moved to withdraw, and Mr. Rhine himself filed a Motion for Leave to Amend after Defendant's Motion's noting date and while still represented by counsel and without leave of the Court. *See* Dkts. #10 through #15. No party has requested oral argument. For the reasons stated below, the Court GRANTS Defendant's Motion and dismisses Plaintiff's claims with prejudice. Plaintiff's Motion for Leave to Amend is DENIED as procedurally improper and moot.

## II. BACKGROUND

The Court will accept all facts stated in the Complaint, Dkt. #1, as true for purposes of this Motion. All facts are drawn from the Complaint unless otherwise noted.

Mr. Rhine alleges sex and/or gender discrimination, as well as retaliation arising from actions following his involuntary termination from his employment at the Federal Aviation Administration ("FAA").

Mr. Rhine is a Caucasian man who worked as an Aviation Technical Systems Specialist for the FAA from July 6, 2010, until November 27, 2019. Mr. Rhine claims he was subjected to discrimination, retaliation, and a hostile work environment at the FAA from approximately 2016 through his removal. He alleges that after he and his ex-girlfriend, Gina Perez (who also worked at the FAA), ended their relationship in 2014, Ms. Perez and/or the FAA took several actions against him based on discriminatory and retaliatory animus. He alleges Ms. Perez falsely claimed that he stalked her.

Mr. Rhine's employment was terminated on December 5, 2019. He appealed the termination to the Merit Systems Protection Board ("MSPB") and subsequently filed a Title VII lawsuit here in the Western District of Washington. In this second lawsuit he alleges the following causes of action: disparate treatment due to gender, race and/or color, retaliation in violation of Title VII, and breach of a 2016 settlement agreement regarding "the hostile work environment created by Perez and her unwelcome gender-based comments…" Dkt. #1 at 15.

Defendant moves to dismiss, arguing that Mr. Rhine raised these same factual allegations in the earlier Title VII lawsuit. Dkt. #7 at 2 (citing *Rhine v. Buttigieg*, No. 20-1761-RAJ-BAT, 2022 WL 18673225 (W.D. Wash. Nov. 22, 2022), *report and recommendation adopted*, 2023 WL 1928089 (W.D. Wash. Feb. 10, 2023) ("*Rhine I*"), 2022 WL 18673225, at *1). Mr. Rhine mentions his prior case in the Complaint at ¶ 5.44. Mr. Rhine filed the

Complaint in *Rhine I* on November 30, 2020, after an administrative law judge for the MSPB affirmed his removal and found that he failed to prove either discrimination or retaliation. *Rhine I*, 2022 WL 18673225, at *1. The *Rhine I* Complaint brings causes of action for discrimination and retaliation under Title VII, but also explicitly mentions the 2016 settlement between the parties. *See* Case No. C20-1761-RAJ, Dkt. #1 at 3. In *Rhine I*, the FAA moved for summary judgment on July 5, 2022, which Mr. Rhine did not respond to until October 31, 2022. The Court issued a Report and Recommendation that the FAA's Motion should be granted on November 22, 2022. 2022 WL 18673225 at *1. After reviewing Mr. Rhine's objections and the record, the Court adopted the Report and Recommendation and granted summary judgment in the FAA's favor on February 10, 2023. 2023 WL 1928089, at *1. Mr. Rhine has appealed the judgment, which is pending in the Ninth Circuit Court of Appeals. *Rhine v. Buttigieg*, 9th Cir. Case No. 23-35252.[1]

### III.   DISCUSSION

**A. Legal Standard for Motion to Dismiss**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations,

---

[1] Defendant also discusses several other EEO complaints filed by Rhine. *See* Dkt. #7 at 3–4.

but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

### B. Motion to Dismiss Analysis

#### 1. Claim Preclusion

Defendant moves to bar Mr. Rhine from bringing any claim concerning his removal from the FAA. Dkt. #7 at 5. Under the doctrine of *res judicata*, also known as claim preclusion, "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *In re Baker*, 74 F.3d 906, 910 (9th Cir. 1996) (citing *Federated Dep't Stores, Inc. v. Motie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 69 L. Ed. 2d 103 (1981)). This case involves the same parties as *Rhine I*: Mr. Rhine and Pete Buttigieg, in his official capacity as the Secretary of the Department of Transportation. The Court in *Rhine I* dismissed the Title VII claims on summary judgment, 2023 WL 1928089, at *1, "which is considered a decision on the merits for [claim preclusion] purposes." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 988 (9th Cir. 2005).

The Court also finds that the prior case involves essentially the same claims as this one, or that they arise from the same transactional nucleus of facts. The Court agrees with Defendant that this Complaint largely recounts the same allegations as in *Rhine I* – that Mr. Rhine was dissatisfied with the FAA's investigation of a complaint he raised against his ex-girlfriend Perez in 2015 and 2016 (Dkt. #1 at ¶¶ 5.4-5.15), that the FAA improperly conducted its investigation of his misconduct in 2019 (Dkt. #1 at ¶¶ 5.30-5.39), that the FAA did not properly handle his 2019 complaint alleging that Perez harassed him (Dkt. #1 at ¶¶ 5.16-5.22), and ultimately, that the FAA removed him (Dkt. #1 at ¶¶ 5.40-5.44). Mr. Rhine also seeks similar relief central to his claim that his removal violated Title VII, *e.g.*, lost earnings, reinstatement to a comparable

position at the FAA, damages incurred from the loss of his employment. *See* Dkt. #1 at 16-17. Some of Mr. Rhine's new claims come from events that occurred after his termination. However, claim preclusion bars any claims that could have been raised. The Court ultimately concurs with Defendant that "[t]he FAA's rights established in *Rhine I* – that it did not discriminate or retaliate against Rhine in removing him and thus, had no liability to him – would be vitiated if this lawsuit could proceed." Dkt. #7 at 8. The new cause of action for breach of the 2016 settlement agreement alleges Mr. Rhine learned of the breach in June of 2022, years after his termination. The facts suggest he could have reasonably learned of the breach years earlier, but even if he learned of the breach in June of 2022 the Court finds that this claim could have and should have been brought in the earlier lawsuit. Accordingly, *res judicata* is a valid basis to dismiss all of the causes of action in this second lawsuit. The facts cannot be amended to cure this deficiency.

### 2. Subject Matter Jurisdiction for Breach of Settlement Claim

Defendant also argues that Mr. Rhine's claim that the FAA breached a 2016 settlement agreement should be dismissed for lack of subject matter jurisdiction:

> To the extent that Rhine is seeking this Court to review the settlement agreement, his claim fails for want of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because Congress did not waive sovereign immunity, the Ninth Circuit has held that Title VII does not provide subject-matter jurisdiction for federal district courts to entertain claims to enforce predetermination settlement agreements appealed to the EEOC under 29 C.F.R. § 1614.504. *Munoz v. Mabus*, 630 F.3d 856, 861-64 (9th Cir. 2010).

Dkt. #7 at 9. Mr. Rhine has failed to respond. The Court agrees with Defendant and will dismiss this claim on this additional basis.

### 3. Request for Reimbursement for Time-and-Attendance Infractions

Mr. Rhine mentions this issue within his Title VII claim for retaliation. *See* Dkt. #1 at 14. Defendant argues that this claim should be dismissed under claim preclusion and for failure to state a claim:

> Any claim about the reimbursement could have also been brought in *Rhine I*. Rhine filed an EEO complaint regarding the reimbursement on February 13, 2020, which is nine months before he filed the complaint in *Rhine I*. *Horace L.*, 2023 WL 4058490, at *1. He also claims that he believed in April 2020 that the reimbursement request constituted disparate treatment. Compl., ¶ 5.47. Rhine had ample opportunity to request a stay or seek to amend his complaint, but he did not and claim preclusion applies. *Owens*, 244 F.3d at 714-15.
>
> Although claim preclusion bars any claim that Rhine might have arising out of the reimbursement request, such a claim would not be cognizable under Title VII anyway. Grievances concerning the federal government's debt collection practices fall under the Debt Collection Act, 31 U.S.C. § 3711, not Title VII. *See, e.g., Barron v. Brennan*, No. 19-96-GKF, 2020 WL 1676719, at *5-6 (N.D. Okla. Apr. 6, 2020), *Hayes v. Donahoe*, No. 14-3393-DCN, 2014 WL 6473689, at *3 (D.S.C. Nov. 18, 2014). If Rhine seeks to challenge the debt – like the Postal Service employees in *Barron* or *Hayes* – Rhine must avail himself of the administrative remedies available within the Department of Transportation (of which the FAA is part). 49 C.F.R. § 92.1 et seq. Therefore, Rhine also fails to state a claim for this reason as well.

Dkt. #7 at 10 – 11. The Court agrees and will dismiss this claim, to the extent that it is properly made, under *res judicata* and for failure to state a claim.

### 4. Non-Selection for position in California

Mr. Rhine also alleges that he was not hired for a position in California after his termination in 2020 (and again in 2022) and that this was retaliation. Dkt. #1 at ¶¶ 5.57-5.58 and ¶ 7.4. Defendant argues that such claims are also barred by claim preclusion and/or are brought in the wrong venue. The Court agrees that, although the claims involve actions in California that occurred after his termination, Mr. Rhine alleges that they were done in retaliation for his prior protected activities, leaving no reason to conclude that the non-selection

claims could not have been brought in the earlier case. The non-hire in 2022 occurred after Defendant filed a summary judgment motion in *Rhine I* but months prior to the Court's Report and Recommendation and prior to dismissal of Plaintiff's claims. Ultimately, Mr. Rhine offers no justification for starting a new lawsuit based on these events, and the purposes of *res judicata* are further frustrated by a new lawsuit on these claims clearly related to claims that were dismissed on summary judgment.

**C. Motion for Leave to Amend Analysis**

As previously noted, Mr. Rhine did not file a timely opposition to the Motion to Dismiss. Instead, his counsel notified the Court that she intended to file an amended complaint without leave, then moved to withdraw, and Mr. Rhine himself filed a Motion for Leave to Amend after the Motion to Dismiss was noted for consideration and before the Court could rule on the Motion to Withdraw and while still represented by counsel and without leave of the Court. *See* Dkts. #10 through #15.

The Court finds that the Motion for Leave to Amend is procedurally improper and will deny it on that basis. *See* LCR 83.2(b)(5) ("When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se…")

Even if the Court were to consider the Motion on its merits, Mr. Rhine fails to explain why he could not have amended his claims earlier in this case. Leave to amend is automatically granted as a matter of course within 21 days after service of a Rule 12(b) motion; it is not

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 7

automatically granted thereafter. Under these circumstances, the Court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

Under that standard, the Court finds that Mr. Rhine has failed to set forth any explanation for his late Motion, that it would not automatically moot the Motion to Dismiss, that the proposed Amended Complaint continues to suffer from the same underlying *res judicata* issues, and that the Complaint cannot be amended to get around these problems without presenting facts inconsistent with the original pleading. Justice is therefore not served by granting this Motion and amendment would be futile. This is an additional basis for denial.

## IV.  CONCLUSION

Having reviewed the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss, Dkt. #7, is GRANTED. Plaintiff's claims are DISMISSED with prejudice. Plaintiff's Motion for Leave to Amend, Dkt. #13, is DENIED. The Court finds good cause to grant Plaintiff's Motion to Withdraw as Attorney, Dkt. #12, and it is so GRANTED. Dkt. #12. This case is CLOSED.

DATED this 20th day of November, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE